# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CORY ALLAN HEWITT,**
            **Plaintiff,**

        **v.**                                    **Case No. 18-CV-772**

**CHRIS FLOYD PHILLIPS,**
            **Defendant.**

## RECOMMENDATION AND ORDER

On May 21, 2018, Cory Allan Hewitt filed a complaint naming two individuals and a limited liability company as defendants. (ECF No. 1.) The court ordered Hewitt to amend his complaint (ECF No. 5), which he did on June 22, 2018 (ECF No. 6). In his amended complaint Hewitt names only Chris Phillips as a defendant.

Hewitt alleges he was assaulted by Phillips in Slinger, Wisconsin around August of 2009. (ECF No. 6 at 2.) Hewitt seeks $300,000 in damages. (ECF No. 6 at 4.)

Hewitt states he resides in Hot Springs, Arkansas. (ECF No. 6 at 1.) He alleges Phillips lives in Slinger, Wisconsin. Therefore, based on the complaint, complete diversity of citizenship exists. Moreover, Hewitt demands more than $75,000. Consequently, the court has jurisdiction under 28 U.S.C. § 1332(a).

However, Hewitt alleges that the events that underlie his claim occurred in August 2009. Under Wisconsin law the statute of limitations for an intentional tort such as assault and battery is three years. Wis. Stat. § 893.57. "Although the statute of limitations is an affirmative defense to liability and so ordinarily must be pleaded and proved by the defendant, if it is plain from the complaint that the defense is indeed a bar to the suit dismissal is proper without further pleading." *Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 383-84 (7th Cir. 2010) (citing *Jones v. Bock*, 549 U.S. 199, 214-15 (2007); *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674-75 (7th Cir. 2009); *Limestone Development Corp. v. Village of Lemont*, 520 F.3d 797, 802 (7th Cir. 2008)). Therefore, the court may dismiss a complaint under 28 U.S.C. § 1915(e)(2)(B) when the complaint demonstrates that the action is untimely and no basis exists to suggest that the statute of limitations might be tolled. *Miles v. Vanderburgh Cty. Jail*, 335 F. App'x 633, 634-35 (7th Cir. 2009); *see also Gordon v. Peoria Sch. Dist. 150*, No. 95-1001, 1995 U.S. App. LEXIS 17070, at *3 (7th Cir. July 10, 1995); *D.R.C. v. Schaeffer*, No. 18-C-186, 2018 U.S. Dist. LEXIS 36879, at *5 (E.D. Wis. Mar. 7, 2018) (Griesbach, C.J.); *cf. Albino v. United Methodist Church*, No. 08-CV-396, 2008 U.S. Dist. LEXIS 121227, at *4 (E.D. Wis. May 9, 2008) (Stadtmueller, J.) (dismissing discrimination complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as untimely).

Because it is clear from the complaint that Hewitt's claim for assault and battery is untimely under Wisconsin's three-year statute of limitations for such actions, and

2

because there is no hint that the statute of limitations might be equitably tolled, the court will recommend that Hewitt's amended complaint be dismissed.

**IT IS THEREFORE RECOMMENDED** that Hewitt's amended complaint be **dismissed**.

**IT IS FURTHER ORDERED** that Hewitt's second motion for leave to proceed without prepayment of the filing fee (ECF No. 7) is **dismissed as moot**. The court granted Hewitt such leave in its prior order. (ECF No. 5.)

**IT IS FURTHER ORDERED** that, for statistical purposes, the Clerk shall reclassify this action under Nature of Suit code 360 – "P.I.: Other" and Cause of Action "28:1332lb (28:1332 Diversity-Libel, Assault, Slander)."

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 25th day of June, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge