# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CORY ALLAN HEWITT, <br><br> Plaintiff, <br><br> v. <br><br> CHRIS FLOYD PHILLIPS, <br><br> Defendant. | Case No. 18-CV-772-JPS <br><br><br> **ORDER** |

On July 10, 2018, the Court dismissed this action pursuant to the recommendation of Magistrate Judge William E. Duffin. (Docket #10 and #11). The Court did so because it believed that Plaintiff had failed to file an objection to Magistrate Duffin's recommendation within the time provided by statute. *See* Fed. R. Civ. P. 72; Gen. L. R. 72(c). Later in the day after the dismissal was entered, however, the Court received a notice from the Clerk of the Court that Plaintiff had indeed submitted an objection. (Docket #12).

The Court has reviewed the objection and will overrule it on two grounds. First, it was not submitted by Plaintiff or signed by him. Instead, it was filed and signed by Ellis Strickland, a prisoner of the State of Wisconsin. *Id.* at 2–3. Strickland claims that he is acting as Plaintiff's "authorized representative" in submitting the objection. *Id.* Only those licensed to practice law may act on others' behalf in court proceedings, whether authorized by the individual or not. Strickland gives no indication that he is a lawyer. If he does indeed have a Wisconsin bar number, Strickland did not affix it to the document. *See generally id.* (listing his prisoner identification number of #155122). Finally, the Court's records

show that Strickland is not authorized to practice in this District. Thus, the Court could reject the objection out of hand as improperly filed.

Second, even if the Court were to reach the substance of the objection, the outcome of this case would not change. In his recommendation, Magistrate Duffin explained that Plaintiff sues for a battery which allegedly occurred in August 2009. (Docket #9 at 1–2). The statute of limitations for such a claim is three years. *Id.*; Wis. Stat. § 893.57. Thus, the limitations period expired long before Plaintiff filed this action. (Docket #9 at 2–3).

Plaintiff's objection makes two primary points, neither of which undermines Magistrate Duffin's analysis. First, he says that the assault actually occurred in August 2010. (Docket #12 at 1). Assuming this were true—it contradicts the allegations of the amended complaint—the claim would still be untimely. Second, Plaintiff says that he brings an "access to the courts" claim, and so Magistrate Duffin's focus on the battery issue is misplaced. *Id.* at 2. This is incorrect. The amended complaint, which superseded the original complaint, states allegations related solely to the battery claim. *See* (Docket #6); *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) ("Once an amended pleading is filed, it supersedes the prior pleading. . . . The prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]") (citations and quotations omitted). Whatever Plaintiff's desire to pursue an "access to the courts" claim, it is not part of this lawsuit.

The Court will, therefore, overrule Plaintiff's objection. The Court's dismissal of this action with prejudice, (Docket #11), will remain in effect.

Accordingly,

**IT IS ORDERED** that Plaintiff's objection to Magistrate Judge William E. Duffin's Report and Recommendation (Docket #12) be and the same is hereby **OVERRULED**.

Dated at Milwaukee, Wisconsin, this 11th day of July, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge